■ In the Matter of CORA GUNN et al., Petitioners, and EMILY YUNKER et al., Intervenors-Petitioners, v BARBARA BLUM, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, commenced by Medicaid patients at the New Paltz Nursing Home, to review determina-

tions (one as to each petitioner and intervenor-petitioner [the petitioners]) of the State Commissioner of Social Services, dated April 10, 1978 and May 5, 1978, which, after statutory fair hearings, affirmed determinations by the local social services agencies of Dutchess, Orange and Ulster Counties (1) discontinuing medical assistance payments to the petitioners on the ground that they are presently residing in a facility which does not have a current provider agreement with the New York State Department of Social Services, and (2) declaring that the petitioners be transferred to other nursing homes. Cross petition by the operators of the nursing home in question, respondents Norton and Evelyn Blue, *inter alia,* to compel the State and local social services agencies to pay for the care afforded these medicaid patients at the full *private* patient rate. Petition granted to the extent that the determinations are annulled, on the law, without costs or disbursements, and the matter is remitted to the local social services agencies for further proceedings in accordance herewith. The cross petition is dismissed, without costs or disbursements, and without prejudice to further proceedings consistent herewith. Petitioners are Medicaid patients at the New Paltz Nursing Home, which is located in New Paltz, New York. Until June 30, 1977, the home had a valid provider agreement with the New York State Department of Social Services and was qualified to participate in the Medicaid program (see 18 NYCRR 505.9 [a]), but subsequently, after several unsuccessful attempts to withdraw from the Medicaid program, the proprietors of the home refused to renew their provider agreement, which expired on June 30, 1977. Without proceeding on a patient-by-patient basis, the local social services agencies concluded, in pertinent part, that *all* of the Medicaid patients (petitioners herein) should be moved. When the State began to make arrangements for the removal of the petitioners to other qualified nursing homes, fair hearings were requested to determine, *inter alia,* whether the petitioners would be harmed by the move. The State commissioner sustained the determinations of the local agencies. Inasmuch as the State commissioner now agrees that individual determinations must be made regarding those patients who are to be moved, the matter is hereby remitted to the local agencies for the purpose of making individualized determinations as to whether the move would jeopardize the health or welfare of any individual patients. Pending such determinations, the respondents are restrained from reducing care or undertaking the involuntary removal of any of these patients and from terminating their medical assistance payments, which shall be continued at the previously established full Medicaid rate. However, the foregoing is without prejudice to any application for a prospective rate increase which the cross petitioners may be advised to make pursuant to 10 NYCRR 86-2.14. At this time, we do not reach the question of who may be obligated to pay, nor the amount to be paid, for the care of those patients who, it may ultimately be determined, cannot be moved, and direct that further application with respect to such payment be made, if necessary, at Special Term after the local social services agencies have made their respective determinations. Special Term shall then hold a hearing to determine who shall be obligated to pay for such patients' care *in futuro* and in what amount. Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.